UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYUNDAI CAPITAL AMERICA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> THE COUNTY OF SUFFOLK, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** |

Plaintiff, Hyundai Capital America ("Plaintiff" or "Hyundai"), by and through its attorneys Norris McLaughlin, P.A., as and for its Complaint against Defendant The County of Suffolk ("Defendant" or "Suffolk"), alleges as follows:

## NATURE OF ACTION

1. Hyundai brings this action to remedy a systematic and blatant deprivation of its long-settled and fundamental right to be free from unreasonable seizures and to due process of law under the United States and New York Constitutions. Suffolk cannot deprive Hyundai—or anyone else—of property by unreasonable seizure or without due process of law. The principles of procedural due process and freedom from unreasonable seizure are centuries old and form the bedrock of this countries' system of laws. Yet, Suffolk commits these unlawful deprivations on a regular and systematic basis in its routine handling of seized motor vehicles. In particular:

    a. Suffolk seizes vehicles—for whatever initially valid reason—and *after* its *initial* justification has passed, *continues* to hold the vehicle without obtaining a warrant or new exception to the warrant requirement; and

    b. Suffolk illegally demands money and other things of value in exchange for release of those vehicles, without arranging for any pre- or post-deprivation hearing to determine the propriety of (a) the continued warrantless seizure/detention, or (b) the improper demand for money and other things of value.

2. Hyundai therefore brings this action pursuant to 42 U.S.C. § 1983 and § 1988, and for a declaratory judgment, as a result of the deprivation of its rights secured by the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. § 1983.

5. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action rises under the Constitution and laws of the United States.

6. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. § 1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

7. Venue lies in the Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

8. Plaintiff Hyundai Capital America, Inc. is a corporation organized and existing under the laws of the State of California. Hyundai's regular business includes taking assignment of retail installment contracts secured by liens in automobiles.

9. Defendant The County of Suffolk is a municipal corporation organized and existing under the laws of the State of New York.

## FACTS COMMON TO ALL COUNTS

**Hyundai's Interest in the Subject Vehicles**

10. Hyundai is the holder of duly recorded liens and security interests in various motor vehicles at issue in this action which have been seized and held by Suffolk (the "Subject Vehicles").

**Hyundai's Interest in, and Suffolk's Seizure of, the Dimone Vehicle**

11. For purposes of illustration, the details concerning one of the Subject Vehicles, including Hyundai's interest and the deprivation thereof by Suffolk, are discussed here. That automobile, a 2017 Hyundai bearing vehicle identification number 5NPD84LF0HH111180 sold to non-party Dana Dimone, is referred to herein as the "Dimone Vehicle."

12. On or about November 11, 2016, Hyundai obtained a purchase money security interest and lien in the Dimone Vehicle.

13. On or about November 28, 2016, the Dimone Vehicle was officially titled in the State of New York with non-party Dana Dimone recorded as the owner and Hyundai recorded as the first priority lienholder.

14. On or about December 16, 2019, Suffolk took possession and custody of the Dimone Vehicle pursuant to its police officers acting in the course of their duties as law enforcement officers.

15. From December 16, 2019 through present, Suffolk maintained exclusive custody and control of the Dimone Vehicle.

16. On or about December 16, 2019 Suffolk sent Hyundai a notice advising that the Dimone Vehicle was being detained for purposes of forfeiture.

17. On February 10, 2020, Hyundai's counsel sent a letter to Suffolk demanding that Suffolk commence a forfeiture action in accordance with the requirements of Ford Motor Credit Co. v. NYC Police, 503 F.3d 186 (2d Cir. 2007).

18. On or about February 10, 2020, the above-referenced letter was transmitted by fax to the office of the Suffolk County Attorney.

19. Suffolk did not commence a forfeiture action in accordance with the requirements of Ford Motor Credit Co. v. NYC Police, 503 F.3d 186 (2d Cir. 2007), nor in accordance with other requirements of Procedural Due Process.

**Suffolk's Deprivations of Hyundai's Rights in the Subject Vehicles**

20. Suffolk illegally seized, and illegally failed to provide notice or a hearing, as to each of the Subject Vehicles in the same or similar manner to Suffolk's handing of the Dimone Vehicle.

21. Suffolk summarily deprived, and in some cases continues to derive, Hyundai of its interest in the Subject Vehicles (which Suffolk had seized under its police power) in the following ways:

    a. Suffolk refused to comply with the Due Process mandated by Ford Motor Credit Co. v. NYC Police, 503 F.3d 186 (2d Cir. 2007); and

    b. Suffolk refused to surrender possession of the Subject Vehicles to Hyundai unless Hyundai first executed a general release of liability in favor of Suffolk and/or a hold harmless/indemnity agreement in favor of Suffolk; and

    c. Suffolk imposed possessory liens on the Subject Vehicles for towing and storage fees and refused to return possession of the Subject Vehicles until that lien was paid; and

d. Suffolk detained the Subject Vehicles without warrant or exception to the warrant requirement once the initial reason for the seizure was no longer applicable.

The actions outlined in foregoing subparagraphs a-d shall collectively be referred to as the "Deprivations."

22. The Deprivations occurred in furtherance of Suffolk's established practices for handling vehicles which are ostensibly held for forfeiture purposes.

**Seizure of the Motor Vehicles by Suffolk**

23. The justification for Suffolk's initial seizure of the Subject Vehicles was, upon information and belief, forfeiture. For example, upon information and belief, Suffolk seized the Dimone Vehicle based upon the position that the driver of the Dimone Vehicle illegally operated the vehicle under the influence of alcohol or drugs.

24. Suffolk subsequently determined, for each of the Subject Vehicles, that forfeiture of the Subject Vehicles was not possible because Hyundai held a property interest in the Subject Vehicles and Hyundai did not engage in any acts relative to the alleged criminal conduct.

25. Suffolk never filed any forfeiture lawsuit relating to the Subject Vehicles.

26. Once Suffolk determined that the Subject Vehicles were not needed to be held pending forfeiture, its initial justification for seizure expired and no longer applied.

27. Even after Suffolk's initial justification for seizing the Subject Vehicles had expired, Suffolk continued to meaningfully interfere with Hyundai's possessory interests in the Subject Vehicles by retaining possession, thereby continuing to seize the Subject Vehicles within the meaning of that term as used in the United States and New York Constitutions.

28. Once the grounds for possible forfeiture ceased to apply, and while continuing to seize the Subject Vehicles, Suffolk failed to obtain a warrant or other lawful basis to detain the vehicle.

29. By continuing to seize the Subject Vehicles beyond the time and extent to which its initial justification held force, and by continuing to seize the Subject Vehicles without obtaining a new justification, the seizure of each of the Subject Vehicles became unreasonable.

30. Suffolk's continued detention of the Subject Vehicles once the initial justification for the seizure was no longer applicable, and without obtaining a new lawful justification, violated Hyundai's right to be free from unreasonable seizures.

**Suffolk's Refusal and/or Failure to Comply with Due Process Requirements**

31. Suffolk does not have a procedure whereby a person with an interest in a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with adequate notice, whereat the interested person can protect their interest by challenging any of the Deprivations or by recovering possession of the impacted vehicle.

32. Suffolk does not have a procedure for notifying persons of alternative methods for recovering a seized vehicle other than compliance with Suffolk's conditions of payment and execution of a general release of liability.

33. Suffolk does not have a procedure for providing persons, who wish to recover a seized vehicle without first complying with Suffolk's conditions of payment and execution of a general release of liability, with an opportunity to be heard.

34. Suffolk violated Hyundai's right to Procedural Due Process because Suffolk failed and/or refused to provide Hyundai with an opportunity to be heard before an impartial

decision-maker with adequate notice, whereat Hyundai could protect its interest by challenging any of the Deprivations or by recovering possession of the Subject Vehicles.

35. Suffolk has no procedure whereby a person with an interest in a seized vehicle is provided with notice of methods by which they may recover a seized vehicle.

36. Suffolk violated Hyundai's right to Procedural Due Process because Suffolk has no procedure for providing notice of methods by which Hyundai may recover the Subject Vehicles.

37. By refusing to turn over possession of the Subject Vehicles unless Hyundai provided Suffolk with money or other things of value (*i.e.* a release or indemnity), to which Suffolk had no legal entitlement, Suffolk deprived Hyundai of its property without due process of law, because regardless of whether Hyundai complied, it was deprived of property (*i.e.*either (a) its possessory property interests in the Subject Vehicles, or (b) its money and other legal rights) without compliance with Hyundai's procedural and substantive due process rights.

38. Suffolk violated Hyundai's right to Substantive Due Process because Suffolk deprived Hyundai of its right to take possession of the Subject Vehicles by conditioning return of same upon (a) execution by Hyundai of a general release of liability in Suffolk's favor and/or (b) provision by Hyundai to Suffolk of money or other things of value.

39. Suffolk's refusal to follow the Due Process requirements of <u>Ford Motor Credit Co. v. NYC Police</u>, 503 F.3d 186 (2d Cir. 2007) and other requirements of Due Process is both consistent with and/or part of Suffolk's regular practice.

## CAUSES OF ACTION

### COUNT I
Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
(Deprivation of Property Without Due Process of Law and by Unreasonable Seizure)

40. Hyundai realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

41. Prior to Suffolk's involvement with the Subject Vehicles, Hyundai held duly recorded lien interests in the Subject Vehicles.

42. Upon Suffolk's seizure of the Subject Vehicles, Hyundai had the immediate right to take possession of the Subject Vehicles pursuant to the terms of the agreements giving rise to Hyundai's security interest.

43. Suffolk acted under color of state law to deprive Hyundai of valuable property interests in the following ways:

   a. Suffolk refused to comply with the Due Process mandated by <u>Ford Motor Credit Co. v. NYC Police</u>, 503 F.3d 186 (2d Cir. 2007); and

   b. Suffolk refused to surrender possession of the Subject Vehicles to Hyundai unless Hyundai first executed a general release of liability in favor of Suffolk and/or a hold harmless/indemnity agreement in favor of Suffolk; and

   c. Suffolk imposed possessory liens on the Subject Vehicles for towing and storage fees and refused to return possession of the Subject Vehicles until that lien was paid; and

   d. Suffolk detained the Subject Vehicles without warrant or exception to the warrant requirement once the initial reason for the seizure was no longer applicable.

44. Suffolk's conduct in causing such deprivations violated Hyundai's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

a. Suffolk has no procedure for permitting lienholders to participate in forfeiture proceedings and Suffolk does not have a procedure to commence forfeiture proceedings within a reasonable time; and

b. Suffolk has no procedure whereby Hyundai (or any person with an interest in a seized vehicle) could have been afforded the opportunity to be heard before an impartial decision-maker, with adequate notice, whereat Hyundai or any other interested person could protect their interest by challenging the deprivation of property or by recovering the impacted vehicle; and

c. Suffolk has no procedure for notifying Hyundai of methods which could be utilized to recover the Subject Vehicles; and

d. Suffolk's refusal to release the Subject Vehicles to Hyundai unless Hyundai executed a general release of liability in Suffolk's favor was without any reasonably acceptable justification.

45. Suffolk's conduct in causing such deprivation violated Hyundai's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment to the United States Constitution because, once the initial reason for seizure was no longer applicable, Suffolk detained and withheld the Subject Vehicles from Hyundai without warrant or exception to the warrant requirement.

46. Suffolk knew or should have known that it was unlawful and unconstitutional to deny possession and assert a lien for towing and storage fees where notice and a hearing upon the validity of such deprivations had not been afforded to the persons with property interest in the Subject Vehicles.

47. As a direct and proximate result of Suffolk's violation of Hyundai's rights to due process and freedom from unreasonable seizures guaranteed by the United States Constitution, Hyundai has suffered general and special monetary damages based upon the lost value of the

Subject Vehicles, loss of use, the income stream due to Hyundai relative thereto and the sales proceeds and is entitled to relief under 42 U.S.C. § 1983.

48. The conduct of Suffolk in not following Ford Motor Credit Co. v. NYC Police, 503 F.3d 186 (2d Cir. 2007) and in not seeking to have a prompt impartial review of its detention was consistent with and part of the standard procedure and policy utilized by Suffolk for seized vehicles.

49. The conduct of Suffolk in refusing to release the Subject Vehicles to Hyundai unless Hyundai executed a general release of all liability to Suffolk is consistent with and part of the standard procedure and policy utilized by Suffolk.

50. Suffolk does not maintain any procedural mechanism for providing hearings after seizure of vehicles not held for forfeiture to parties holding interests in such seized vehicles.

51. The failure by official Suffolk policy makers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles is contrary to well-settled constitutional law, as made clear by numerous controlling court decisions, including but not limited to:

   a. Ford Motor Credit Co. v. NYC Police, 503 F.3d 186 (2d Cir. 2007), holding that lienholders have Due Process rights;

   b. County of Nassau v. Canavan, 1 N.Y.3d 134 (2003), holding that Due Process requires a hearing pendent lite where the government asserts a financial interest in a vehicle; and

   c. Krimstock v. Kelly, 464 F.3d 246 (2d Cir. 2006), holding that Due Process requires a hearing where a vehicle is held as evidence of a crime.

52. Suffolk policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by and sold by Suffolk.

53. But for Suffolk's above-described deprivational policy, decisions, practices and failures, Hyundai would have had the right to recover and would have recovered the Subject Vehicles without delay or with minimal delay, by reason of measures that preserve legitimate interests but are less intrusive than continued detention of the vehicle, without incurring liability for or loss due to towing and storage charges impressed *ex parte*, and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss of lien priority to the claim asserted by Suffolk against the Subject Vehicles and without being forced to issue a release of liability.

## COUNT II
Violation of New York Constitution Article I, Sec. 6 and 12
(Deprivation of Property Without Due Process of Law and by Unreasonable Seizure)

54. Hyundai realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

55. Hyundai asserts that the grounds for relief under the United States Constitution detailed herein constitute grounds for relief under the analogous provisions of the New York State Constitution.

## COUNT III
Declaratory Relief

56. Hyundai realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

57. An actual controversy has arisen and now exists between Hyundai and Suffolk warranting declaratory relief pursuant to 28 U.S.C. § 2201.

58. Hyundai seeks a declaration that Suffolk's conduct giving rise to the Deprivations violated Hyundai's right to Due Process and the right to freedom from unreasonable seizures under the Constitutions of the United States and New York State. Hyundai seeks a declaration that Suffolk is liable to Hyundai pursuant to 42 U.S.C. §§ 1983 and 1988 for all damages and attorneys' fees suffered and incurred by Hyundai.

59. The Suffolk County Code provisions which authorize detention of vehicles for forfeiture [including unlawful fleeing (chapter 818, Vehicles and Traffic)], contain no procedures for handling a lienholder's demand for release of a vehicle as mandated by <u>Ford Motor Credit Co. v. NYC Police</u>, 503 F.3d 186 (2d Cir. 2007).

60. Plaintiff requests declaratory relief:

a. Declare any release/hold-harmless/injunction obtained by Suffolk to be null, void, and of no force or effect;

b. Suffolk is liable to Hyundai pursuant to 42 U.S.C. §§ 1983 and 1988 for all damages and attorneys' fees suffered and incurred by Hyundai;

c. Confirming that Suffolk County Code, Chapter 818, is unconstitutional in that there is no procedure to address a lienholder's demand for release of a vehicle under <u>Ford Motor Credit Co. v. NYC Police</u>, 503 F.3d 186 (2d Cir. 2007); and

d. that County of Suffolk shall unconditionally release the Subject Vehicles to Hyundai.

## **PRAYERS FOR RELIEF**

WHEREFORE, Hyundai requests that this Court:

a. Grant judgment in favor of Hyundai and against Suffolk on all causes of action asserted herein;

b. Declare that Suffolk violated Hyundai's rights to Due Process and to be free from unreasonable seizures under the United States and New York State Constitutions;

c. Award Hyundai nominal, actual, compensatory, and consequential damages to Hyundai;

d. Award Hyundai punitive damages under any applicable New York or Federal statute or common law;

e. Award Hyundai the cost of prosecuting this action together with attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable statute(s);

f. Declare any release/hold-harmless/indemnity obtained by Suffolk to be null, void, and of no force or effect;

g. Enter a permanent injunction prohibiting Suffolk from continuing its unconstitutional policies, customs and practices;

h. Direct Suffolk to release possession of any of the Subject Vehicles remaining in Suffolk's possession to Hyundai forthwith; and

i. Award such other and further relief that the Court, in the exercise of its discretion, deems just, proper and equitable.

Dated: New York, New York
October 6, 2020

**Norris McLaughlin, P.A.**

By: */s/ Nicholas Duston*
Nicholas A. Duston
7 Times Square, 21st Floor
New York, NY 10036
(212) 808-0700
naduston@norris-law.com
*Counsel for Hyundai Capital America, Inc.*